■ JOSEPH RAE, Respondent, v. CITY MUSIC CO., INC., et al., Appellants.— In an action to recover upon a series of promissory notes made by the corporate defendant and indorsed by the individual defendants and secured by a chattel mortgage on certain amusement machines, such notes having been given as part of the balance allegedly due upon the purchase price of said amusement machines and an amusement-machine route sold by the plaintiff to the corporate defendant, in which action the defendants interposed a counterclaim to recover damages arising from the plaintiff's allegedly wrongful repossession and sale of such machines, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered July 7, 1964 after a jury trial upon a directed verdict, as directed recovery by plaintiff from defendants of the sum of $13,033, plus interest and costs. Judgment, insofar as appealed from, affirmed, without costs. No opinion. Christ, Acting P. J., Hill, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The defendants contend, among other things, that the trial court erred in denying their motion, made after both sides had moved for a directed verdict, to reopen the case to enable the defendants to present proof of their alleged damages for breach of the written agreement between the parties in which the plaintiff had agreed to indemnify the defendants against loss in the event plaintiff's former employee (one Sidney Weintraub) should invade said route and obtain any of the machine locations thereon for his own account, which contingency concededly occurred. In my opinion, such denial of defendants' motion to reopen the case for the taking of proof of the damages they suffered from Weintraub's actions constituted an improvident exercise of discretion. The court's relegation of the defendants to an independent action for such damages was unsatisfactory and prejudicial, since: (a) plaintiff had expressly

agreed to indemnify defendants for such acts by Weintraub; (b) in a new action, defendants may be faced with a claim of *res judicata*; (c) plaintiff may become judgment proof after he has collected his judgment from defendants; (d) all the proof was already in the record, except proof as to the damages which defendants may have sustained from the loss of those locations; (e) neither the parties nor the court should have been burdened with the trouble and expense of another trial; and (f) the policy of the courts, pursuant to the legislative directive (CPLR 3025, subds. [b], [c]), is to exercise extreme liberality in permitting, *at any time,* the amendment of pleadings either to conform the pleadings to the proofs or to allow the complete determination of all issues between the parties.